Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>MASTERMAN ROCHE, INC. d/b/a HUNTINGTON GROUP, a California Corporation,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

/ / /

/ / /

- 1 -
Complaint

# JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2. Defendant MASTERMAN ROCHE, INC. d/b/a HUNTINGTON GROUP, ("HUNTINGTON GROUP") is, and at all times herein mentioned was, a California corporation using a Los Angeles fictitious business name, doing business in the County of Los Angeles, State of California.

3. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

# FACTUAL SUMMARY

5. Defendant made four (4) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch mortgage services on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name ("CNAM"):

- December 9, 2014 at 6:53 pm, CID 626-403-8235
- December 9, 2014 at 6:54 pm, CID 626-403-8235
- January 22, 2015 at 7:17 pm, CID 626-402-8236
- January 22, 2015 at 7:18 pm, CID 626-402-8236

6. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from August 9, 2008 to the present.

7. Mr. Sapan made notes regarding each call from Defendant immediately after the call occurred. He does this with most junk calls he receives since it can be difficult to recall the information later.

8. A true and correct copy of Mr. Sapan's compiled call notes for each call alleged in this case is attached hereto as Exhibit "1" and incorporated herein as if set forth verbatim.

9. Mr. Sapan hereby alleges that his call notes in Exhibit 1 are a true and accurate representation of what was said and what transpired during each call claimed to be violative herein.

10. During the very first call, "Christina from Huntington Group" called to try to sell Mr. Sapan a new lower rate mortgage.

11. The second call went to voicemail and Christina left a message trying again to sell Mr. Sapan a new lower rate mortgage.

12. Mr. Sapan did not answer the next two calls, however they did come from almost the same CID number as "Christina's" calls.

13. Christina calls used the CID number 626-403-8235 and the CID for the last two calls were only one digit sequentially up, 626-403-8236.

14. And the Huntington Group website, www.huntingtongroup.com, lists its main number as 626-403-8230.

15. Since it is common practice for businesses to use sequentially numbered phone numbers counting up from their main line, Mr. Sapan alleges on information and belief that the two calls showing CID 626-403-8236 which he did not answer were made by Defendant HUNTINGTON GROUP, and that they were made to try to sell their mortgage services just like the first two calls.

16. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

17. While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

### Liability of Masterman Roche, Inc. d/b/a Huntington Group

18. As Exhibit 1 shows and Mr. Sapan alleges, the caller during the first call identified herself as "Christina from Huntington Group" and when queried about her company stated that it was located in Pasadena.

19. Masterman Roche, Inc., does business under the name "Huntington Group" as well as "Huntington Mortgage" and "Huntington Mortgage Company".

20. A true and correct copy of the State of California Bureau of Real Estate license information for Masterman Roche, Inc showing the registration of these trade names as well as the Pasadena location of the company is attached hereto as Exhibit "2" and incorporated herein as if set forth verbatim.

21. A true and correct copy of the www.huntingtongroup.com website tab for "About Us" wherein Huntington Group lists their California Bureau of Real Estate license number—the same as shown in Exhibit 2—is attached hereto as Exhibit "3" and incorporated herein as if set forth verbatim.

22. As noted above, the main number for the Huntington Group is 626-403-8230 and all the calls came from CID 626-403-8235 or 8236, and in half the

calls the caller self-identified as being with Huntington Group and stated their location accurately.

23. Defendant made the calls to Mr. Sapan detailed in Exhibit 1 and did so in order to attempt to sell their mortgage services.

## Actual Harm & Willful and Knowing Conduct

24. Mr. Sapan has been harmed by the junk calls complained of herein by the annoyance they cause when he answers them or he has to determine if a missed call was important or just another junk telemarketing call.

25. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

26. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 2% of his monthly phone bills in December of 2014 and January of 2015 since Defendants calls constituted 2% or more of the total calls to his phone during their junk calling campaign.

27. Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

28. Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

29. Plaintiff bases these information and belief allegation on the facts that the caller did not know his name or even whether he owned a house at the outset of the call indicating that they were just calling numbers and hoping to find a possible customer and they were obviously not using the "Do Not Call" registry because if they were they would not have called a number on it four different times.

## FIRST CAUSE OF ACTION
[TCPA Violation – Do Not Call List – For All 4 Calls]

30. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

31. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

32. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone

solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

33.　At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

34.　Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 2 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

35.　Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel – For All 4 Calls]

36. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

37. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

38. At no time did Plaintiff consent to this trespass.

39. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in December of 2014 and January of 2015 since Defendants calls constituted 5% or more of the total calls to his phone at the height of their junk calling campaign.

40. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices – For All 4 Calls]

41. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

42. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

43. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in December of 2014 and January of 2015 since Defendants calls constituted 5% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

44. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:
3. For compensatory damages according to proof;
4. For punitive damages;

On the THIRD CAUSE OF ACTION:

    5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    7. For costs of suit herein incurred; and

    8. For such further relief as the Court deems proper.

DATED: December 27, 2016     **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN